```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GARDY LOUISDOR, Individually and On Behalf        :
of All Other Persons Similarly Situated,          :
                                                  :
                        Plaintiff,                :
                                                  :
        -against-                                 :     MEMORANDUM AND ORDER
                                                  :     06-cv-1886 (DLI) (RER)
AMERICAN TELECOMMUNICATIONS, INC.,                :
                                                  :
                        Defendant.                :
-----------------------------------------------------------------x
```
**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Gardy Louisdor ("Plaintiff"), individually and purportedly on behalf of all other persons similarly situated, brings this action against defendant American Telecommunications, Inc. ("Defendant" or "ATI") under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201-219, and the New York Labor Law, sections 650-665, and accompanying regulations (the "NYLL"). Plaintiff alleges that Defendant improperly classified him as an exempt employee and failed to pay him wages and overtime in violation of the FLSA and the NYLL.

Pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendant now moves to dismiss the instant action on the ground that it has offered full relief to Plaintiff on his sole federal claim in accordance with Fed. R. Civ. P. 68 ("Rule 68"). Plaintiff does not dispute that Defendant has offered him full relief on his federal claim, but argues that dismissal is inappropriate because Defendant may not moot out a collective action by attempting to "buy off" the representative plaintiff.

For the reasons set forth below, the court grants Defendant's motion for dismissal of Plaintiff's FLSA action. The court also declines to exercise supplemental jurisdiction over the

1

remaining state law claim and, therefore, dismisses the entire action.

## I. Background

The following facts are undisputed. Plaintiff is a New York resident and former employee of Defendant ATI, a New York corporation that is in the business of maintaining retail cellular telephone stores. (Compl. ¶¶ 6-7, 22.) From about February 2005 to about February 2006, Defendant employed Plaintiff as a sales representative in one of its cellular telephone stores. (Compl. ¶ 23.) Plaintiff states that he often worked over forty hours per week and more than ten hours per day but did not receive wages for all of the hours he worked or appropriate overtime pay. (Compl. ¶ 26.) On April 24, 2006, Plaintiff initiated the instant action, alleging that Defendant improperly classified him and other current and former ATI employees as exempt employees, and denied wages and overtime pay owed to them under the FLSA and the NYLL. (Compl. ¶¶ 1-2.)

With respect to his FLSA claim, Plaintiff purports to bring a collective action on behalf of himself and other similarly situated current and former ATI employees, who, under section 16(b) of the FLSA, 29 U.S.C. § 216(b), may join in the action by express written consent. (*See* Compl. ¶¶ 1, 8.) Plaintiff defines prospective collective action members as

> all persons who are or were formerly employed by Defendant in the United States at any time since April 21, 2003 to the entry of judgment in this case . . . who were non-exempt employees within the meaning of the FLSA and who were not paid for hours that they worked and received no compensation as well . . . for overtime . . . at rates not less than one-half times the regular rate of pay for hours worked in excess of forty per workweek [*sic*].

(Compl. ¶ 8.) Plaintiff does not dispute that, to date, no other individuals have joined the collective action.

With respect to his NYLL claim, Plaintiff purports to bring a class action, pursuant to Fed. R. Civ. P. 23 ("Rule 23"), on behalf of himself and other similarly situated current and former ATI

2

employees. (Compl. ¶¶ 2, 14-15.) Plaintiff defines prospective class action members as

> all persons who were employed by Defendant at any time since April 21, 2000, to the entry of judgment in this case . . . who were non-exempt employees within the meaning of the New York Labor Law and have not been paid for hours actually worked as well as overtime wages and for an additional hour of pay for each day worked in excess of ten hours, in violation of the New York Labor Law.

(Compl. ¶ 15.) No motion for class certification has yet been made.

On April 30, 2007, Defendant made Plaintiff an offer of judgment, pursuant to Rule 68, in the amount of $4,594.72, plus reasonable attorneys' fees and costs incurred to that date ("Rule 68 offer"). Defendant states that the foregoing offer represents the full amount that Plaintiff could recover in the instant action, a fact that Plaintiff does not dispute. To date, Plaintiff has not accepted Defendant's Rule 68 offer.

Defendant now moves to dismiss the complaint on the ground of lack of subject matter jurisdiction.

## II. Discussion

### A. 12(b)(1) Standard

When a defendant moves to dismiss a complaint, pursuant to Fed. R. Civ. P. 12(b)(1), the court "need not accept contested jurisdictional allegations and may resolve disputed jurisdictional facts by reference to matters outside the pleadings." *Briggs v. Arthur T. Mott Real Estate LLC*, No. 06-0468 (DRH)(WDW), 2006 WL 3314624, at *2 (E.D.N.Y. Nov. 14, 2006) (citing *Phifer v. City of N.Y.*, 289 F.3d 49, 55 (2d Cir. 2002)); *see also Ward v. Smalls*, 455 F. Supp. 2d 262, 265 (S.D.N.Y. 2006). Although the plaintiff's jurisdictional allegations in the complaint are not entitled to a presumption of truthfulness, the court should, nonetheless, construe all ambiguities and draw all inferences in the plaintiff's favor. *Ward*, 455 F. Supp. 2d at 266 (citations omitted). However,

"[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Phifer*, 289 F.3d at 55 (citation omitted).

B.   **FLSA Claim**

Under the FLSA, an employee is entitled to a specified minimum hourly wage[1] and, for all hours worked in excess of forty hours per week, one-and-a-half times the employee's regular hourly rate. 29 U.S.C. §§ 206(a), 207(a)(1). An employer that violates these requirements is liable to the affected employee or employees in the amount of the unpaid minimum wages and the unpaid overtime compensation, plus an equal amount in liquidated damages, as well as reasonable attorneys' fees and costs. *Id.* § 216(b).

An employee may seek judicial enforcement of the requirements of the FLSA by initiating a collective action against the employer "for and in behalf of himself . . . and other employees similarly situated." *Id*. However, in order for other employees to join the collective action, they must "opt in" by giving written consent to join as plaintiffs, and such consent must be filed with the court. *Id.*

Here, Plaintiff purports to bring a collective action on behalf of himself and other similarly situated current and former ATI employees, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b). However, no one has opted in to Plaintiff's action, and the court is not aware of any individual who anticipates doing so. Moreover, Plaintiff does not dispute that Defendant has made a Rule 68 offer that represents the full amount that Plaintiff could possibly recover in this action. According to Defendant, its Rule 68 offer moots Plaintiff's FLSA claim, thereby divesting the court

---

[1]The federal minimum hourly wage was $5.15 during the period that Defendant employed Plaintiff, and, on July 24, 2007, increased to $5.85. *See* 28 U.S.C. §§ 206(a)(1); http://www.dol.gov/esa/minwage/chart.htm, last visited Feb. 11, 2008.

4

of subject matter jurisdiction over the claim.

### C. Mootness and Subject Matter Jurisdiction

When the parties lack a legally cognizable interest in the outcome of an action, the action becomes moot, and, accordingly, the court no longer has jurisdiction over the action. *Fox v. Bd. of Trustees of the State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) (citation omitted). "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (citation omitted). This inability "to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *Id.* (internal quotation marks and citation omitted).

Thus, in general, when a defendant offers a plaintiff the maximum the plaintiff could possibly recover at trial, no justiciable controversy remains, as the offer moots the action. *Ward*, 455 F. Supp. 2d at 267 (citing *Abrams v. Interco Inc.*, 719 F.2d 23, 32 (2d Cir. 1983)). However, with respect to Rule 23 class actions, some courts have held that the foregoing offer of judgment rule does not apply. *See, e.g.*, *Weiss v. Regal Collections*, 385 F.3d 337, 344-46 (3rd Cir. 2004) (holding that the offer of judgment rule does not apply, even when the putative class representative has not yet moved for class certification). In *Weiss*, the Third Circuit Court of Appeals provided the following reasons for the inapplicability of the offer of judgment rule in a Rule 23 class action context. First, the court reasoned, "[a]llowing defendants to 'pick off' putative lead plaintiffs contravenes one of the primary purposes of class actions–the aggregation of numerous similar (especially small) claims in a single action" so as to allocate the costs of litigation among all members of the class. *Id.* at 345. Second, the Third Circuit continued, "a rule allowing plaintiffs to be 'picked off' at an early stage in a

putative class action may waste judicial resources by 'stimulating successive suits brought by others claiming aggrievement,'" a result that is contrary to Rule 68 purposes of promoting settlements and avoiding protracted litigation. *Id.* (quoting *Deposit Guar. Nat'l Bank of Jackson, Miss. v. Roper*, 445 U.S. 326, 339). Third, permitting "[a]lleged violators of federal law . . . to tender the statutory amount of damages to a named plaintiff [would] derail[] a putative class action and frustrat[e] the goals and enforcement mechanism of the [Fair Debt Collection Practices Act]," which explicitly provides for class damages. *Id.*

Although Plaintiff here argues that the Third Circuit's holding and rationale in *Weiss* should be applied to collective actions brought pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b), district courts within this circuit have generally declined to do so. *See Darboe v. Goodwill Indus.*, 485 F. Supp. 2d 221, 224 (E.D.N.Y. 2007); *Briggs*, 2006 WL 3314624, at *4; *Ward*, 455 F. Supp. 2d at 268; *Vogel v. Am. Kiosk Mgmt.*, 371 F. Supp. 2d 122, 128 (D. Conn. 2005). These courts have distinguished *Weiss* as applying only to cases involving Rule 23 class actions and not FLSA collective actions. *E.g.*, *Darboe v. Goodwill Indus. Of Greater NY & Northern NJ*, 485 F. Supp. 2d 221, 223 (E.D.N.Y. 2007). In *Darboe*, the court explained as follows.

> In a Rule 23 action, once a class is certified, all those falling within the description of the class certified are deemed a part of the case and will be bound by the outcome unless they take the affirmative action of opting out of the matter. . . . In contrast, an FLSA collective action requires members of the class to take the affirmative step of "opting in" to the action to be a part of the action and bound by its terms. Where no class member has opted in to the collective action, the named plaintiff is deemed to represent himself only. In such cases, application of Rule 68 to moot a single plaintiff's claim creates no conflict with the policy underlying the collective action procedure.

485 F. Supp. 2d at 223-24 (citations omitted). *Accord Vogel*, 371 F. Supp. 2d at 127-28 (holding that, because "the named plaintiff in a section 216(b) action under the FLSA has no procedural right

6

to represent other plaintiffs," absent potential plaintiffs' express written consent, the named plaintiff cannot purport to represent their interests, and a Rule 68 offer of judgment to the named plaintiff moots the action).

This court agrees that Rule 23 class actions are distinguishable from section 216(b) collective actions brought under the FLSA, in the context of Rule 68 offers of judgment. As the *Darboe* and *Vogel* courts stated, Plaintiff has no right to represent any other individuals unless they opt in to the action. Here, there are no other individuals for Plaintiff to represent. Nearly two years after Plaintiff initiated the instant action, no one has opted in to Plaintiff's action. Only Plaintiff's individual claims are thus at stake. Defendant's Rule 68 offer of judgment, which equals the maximum amount Plaintiff could recover at trial, has eliminated Plaintiff's individual stake, and, therefore, no justiciable controversy remains.[2]

Plaintiff points to several cases that have held that a Rule 68 offer of judgment does not moot an FLSA collective action. However, in those cases, either it was not clear that the defendant's Rule 68 offer would provide the plaintiff full satisfaction, or other potential plaintiffs had provided notice to the court of their intent to opt in to the action. *See Rubery v. Buth-Na Bodhaige, Inc.*, 494 F. Supp. 2d 178, 179 (W.D.N.Y. 2007) (more than fifty consent forms were executed by putative class or collective action members, authorizing the plaintiff to file and prosecute claims on their behalf); *Guerra v. Big Johnson Concrete Pumping, Inc.*, No. 05-14237-CIV, 2006 WL 2290517 at *3 (S.D. Fla. June 28, 2006) (at least one other putative plaintiff had consented to joining the action, "thereby raising the [p]laintiff's contention beyond one of pure speculation"); *Geer v. Challenge Fin.*

---

[2] A Rule 68 offer eliminates Plaintiff's stake even if it is rejected. *See Ward*, 455 F. Supp. 2d at 267.

*Investors Corp.*, No. 05-1109-JTM, 2006 WL 704933, at *3 (D. Kan. Mar. 14, 2006) (after defendant's offer to two plaintiffs, the court received notice of a third plaintiff who had not received an offer of settlement; in addition, the court was uncertain whether the amount offered by the defendant constituted full judgment); *Reyes v. Carnival Corp.*, No. 04-21861-CIV, 2005 WL 4891058, at *3 (S.D. Fla. May 25, 2005) (no basis for the court to conclude that the defendant's offer of judgment was definitively for more than the plaintiff could recover at trial, and two other individuals had opted in to the action and no offer of judgment had been extended to them); *Raney v. Young*, No. Civ.A. H-05-0410, 2005 WL 1249265, at *2 (S.D. Tex. Apr. 26, 2005) (the defendant's offer did not include costs or attorneys' fees); *Reed v. TJX Cos.*, No. 04 C 1247, 2004 WL 2415055, at *2 (N.D. Ill. Oct. 27, 2004) (the court could not determine whether the defendant's offer fully compensated the plaintiff for his damages, and the plaintiff had identified two similarly situated individuals who had filed written consent with the court to join the action).[3] As the cases Plaintiff cites make clear, where a defendant's Rule 68 offer does not equal or exceed the amount a plaintiff could receive at trial, a justiciable controversy persists, and the action cannot be considered moot. Similarly, where other potential plaintiffs have expressed an interest in opting in to the action, the defendant's Rule 68 offer, even if providing complete relief to the named plaintiff, does not moot the action. Neither of the foregoing situations apply here. As stated above, Defendant's offer equals the maximum amount Plaintiff could receive at trial, and no other plaintiffs have opted to join in Plaintiff's suit. Thus, the cases Plaintiff relies on do not alter the court's

---

[3]Plaintiff also cites *Morales-Arcadio v. Shannon Produce Farms*, 237 F.R.D. 700, 702 (S.D. Ga. 2006), in which the court denied the defendant's motion to dismiss where the defendant served his offer of judgment after the court certified a collective action and authorized notice to be sent to potential class members. This case is distinguishable, as the court here has not certified a collective action.

8

determination that Defendant's Rule 68 offer of judgment moots Plaintiff's action.

Plaintiff's contention that defendants in FLSA collective actions may seek to "pick off" named plaintiffs as a strategy to defeat collective actions does create some reason for concern. In some cases, it may be proper for a court to deny a defendant's motion to dismiss where it is clear that the defendant is using a Rule 68 offer of judgment for the purpose of defeating the plaintiff's right to bring an FLSA collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b). However, the instant action is not such a case. In the two years that Plaintiff's action has been pending, there appears to have been no indication that anyone will join in Plaintiff's suit, and there is no other evidence to suggest that Defendant is attempting to inappropriately terminate Plaintiff's efforts to bring an action on behalf of similarly situated individuals.

As the court finds that Defendant's Rule 68 offer of judgment has mooted Plaintiff's FLSA claim, there remains no justiciable controversy, and Plaintiff's FLSA claim is thus dismissed for lack of subject matter jurisdiction. In addition, the court declines to exercise supplemental jurisdiction over the remaining state claim, *see Bhd. of Locomotive Eng'rs Div. 269 v. Long Island R.R. Co.*, 85 F.3d 35, 39 (2d Cir. 1996), and the entire action is, consequently, dismissed.

**III.    Conclusion**

For all of the foregoing reasons, Defendant's motion to dismiss for lack of subject matter jurisdiction is granted.  The court declines to exercise supplemental jurisdiction over the remaining state law claim.  Therefore, entire action is dismissed.


SO ORDERED.


DATED:    Brooklyn, New York
          March 24, 2008


_____/s/_____
DORA L. IRIZARRY
United States District Judge